CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 13 2018
JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DAN HAENDEL,** **Plaintiff,** | ) | **Civil Action No. 7:18-cv-00289** |
| | ) | |
| **v.** | ) | **<u>MEMORANDUM OPINION</u>** |
| | ) | |
| **VIRGINIA DEPARTMENT OF CORRECTIONS, <u>et al.</u>,** **Defendants.** | ) | **By: Hon. Jackson L. Kiser** **Senior United States District Judge** |

Presently before me is a motion for preliminary injunctive relief filed by <u>pro</u> <u>se</u>, incarcerated plaintiff Dan Haendel, who is a member of the District of Columbia Bar.[1] For the following reasons, the motion is denied.

Plaintiff argues that Virginia Department of Corrections ("VDOC") staff has incorrectly calculated his release date, which partly depends on the amount of "good time credit" ("GTC") Plaintiff earned while in custody. Plaintiff is serving a five-year active sentence. He became a state responsible inmate on January 6, 2015, at which time he was assigned to "Level 1" earning level and earned 4.5 days of GTC for every 30 days served. While assigned to Level 1, Plaintiff's projected good time release date was September 4, 2018. However, Plaintiff was demoted to Level 2 on February 16, 2018, and began earning 3 days of GTC. Plaintiff's projected good time release date was re-calculated as September 13, 2018, on the assumption he would remain at Level 2 for the remainder of his incarceration.

On August 22, 2018, an Institutional Classification Authority ("ICA") reviewed Plaintiff's GTC level and recommended promoting Plaintiff to Level 1. Defendant Walker reviewed the ICA's recommendation and determined that Plaintiff had not met criteria to be promoted to Level 1. Consequently, Walker kept Plaintiff at Level 2, and Plaintiff's projected good time release date

---

[1] I decline to extend the liberal construction standard to an attorney. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972) (observing that a court should hold <u>pro</u> <u>se</u> complaints to "less stringent standards than formal pleadings <u>drafted by lawyers</u>" (emphasis added)).

remained September 13, 2018. Plaintiff asks for a preliminary injunction to force the VDOC to release him before September 13, 2018.

A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 19-22 (2008). A failure to establish any element is fatal. See Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009) ("Winter articulates four requirements, each of which must be satisfied. . . ."). Because Plaintiff wants to change the status quo, he seeks a mandatory injunction that is "disfavored[] and warranted only in the most extraordinary circumstances." In re Microsoft Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003). Consequently, I must give an "even more searching" review under Winter than if Plaintiff was seeking to enforce the status quo. Id. Also, I must be mindful that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Barnett v. Young, No. 5:18-cv-279, 2018 U.S. Dist. LEXIS 117088, at *6, 2018 WL 3405415, at *2 (S.D. W. Va. June 21, 2018).

Plaintiff fails to sufficiently establish an irreparable harm. Foremost, Plaintiff had been sentenced to an active term of five years' incarceration, and under either of the calculations, he is still to be released before serving five years. See, e.g., Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (recognizing there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence). Also, the alleged harm in this case – being incarcerated several days beyond a projected good time release date but within the limit set by the state court – can be remedied by money damages, as is indicated in Plaintiff's recent amendment increasing the ad damnum clause. See, e.g., Hughes

Network Sys. v. Interdigital Commc'ns Corp., 17 F.3d 691, 693-94 (4th Cir. 1994) (discussing the effect availability of damages has to the analysis of an irreparable harm).

Plaintiff also fails to clearly show that the balance of equities tips in his favor and that a release earlier than calculated by the VDOC is in the public interest. Plaintiff is incarcerated for attempting to take indecent liberties with a minor and with using a communications system to facilitate a sexual offence with a minor.[2] See Va. Code § 18.2-370(A)(4) (prohibiting, inter alia, the proposal of doing an act of sexual intercourse, anal intercourse, cunnilingus, fellatio, or anilingus to a child); § 18.2-374.3(C) (prohibiting the use of a computer for such proposals). Plaintiff is deemed a violent sex offender per Virginia's Sex Offender Registry. VIRGINIA STATE POLICE, http://sex-offender.vsp.virginia.gov/sor/offenderDetails.html?regId=65455 (last visited Sept. 7, 2018); see In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Moreover, state judges, jurors, and state prison officials are empowered to determine appropriate sentences in Virginia, and federal courts are ill suited to replace them. See 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . [with state government] in tailoring any preliminary relief."). Releasing someone deemed a violent sex offender based on the parties' narrowly divergent calculations risks a substantial mistake adverse to the public interest. See, e.g., Hughes Network Sys., 17 F.3d at 693 ("[G]ranting a preliminary injunction requires that a district court, acting on

2 The state court record has been loaned to this court during the pendency of Plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2254 in Haendel v. Gilmore, No. 7:18cv317.

an incomplete record, order a party to act, or refrain from acting, in a certain way. The danger of a mistake in this setting is substantial.").

For the foregoing reasons, I find that Plaintiff fails to satisfy the elements for a preliminary injunction. Accordingly, the motion for a preliminary injunction is denied, and the related motion for a hearing and correction of the release date is denied as moot.

**ENTER**: This 13th day of September, 2018.

Senior United States District Judge